Rex, J.
The principal ground assigned by the plaintiff in error for leave to file his petition, is: That the District Court erred in holding that the middle of the west branch of Mill creek is the true boundary line between his lands and those of the defendant in error.
The language used in the conveyances from John Lyon to Samuel Lyon and Jared Coffin, shows clearly and conclusively that the middle of the creek was intended as the boundary line between the lands conveyed to them respectively.' Each, by his deed, was entitled to possession to the *45 middle of the creek opposite his lands bounded by it, and hence was entitled to the ground added by the creek to his lands by alluvion. Lamb v. Ricketts, 11 Ohio, 310; Angell on Water-courses, sec. 53.
We regard the principle of law to be well settled, that where by a gradual and imperceptible process of wearing away the land upon one side, and depositing soil upon the other, the thread of a stream, whether navigable or not, forming the boundary line between adjacent owners, is changed, the boundary line changes with it, since it is the thread of the stream for the time being, and not the one existing at the time the adjacent owners acquired their titles, which forms the boundary line between their estates. 3 Washburn on Real Prop. 56; Angelí on Water courses, sec. 57.
As the agreed statement of facts in this case shows that the thread of the stream, which, by the conveyances under which the parties claim title to their respective premises, was made the boundary line between them, and that since the conveyances were made, its location has been changed by attrition and accretion, we are of opinion that the District Court did not err in holding that the middle of Mill creek, as it now exists, is the true boundary line between their respective estates.

Motion overruled.

McIlvaine, C. J., Welch, White, and Gilmore, JJ., concurred.